IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE KRAXBERGER,

    Plaintiff,

v.   No._____

SMB TEAM LLC,

    Defendant.

## COMPLAINT

Plaintiff Michelle Kraxberger ("Kraxberger" or "Plaintiff), by and through her undersigned counsel, brings this action against Defendant SMB Team LLC, (referred hereafter as "Defendant") and alleges as follows:

## INTRODUCTION

This action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Wage and Hour Act, 34 Pa. Code § 231.41. Plaintiff is a former employee of Defendant and brings this action to recover unpaid and illegally withheld overtime wages, interest and attorneys' fees and costs for Defendants' willful failure to pay adequate wages, including overtime wages for all hours worked.

## JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction), 29 U.S.C. § 216(b).

2. The Pennsylvania Wage and Hour Act, 34 Pa. Code § 231.41. *et seq*, provides for a private right of action to enforce their provisions. This court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1390(b). The unlawful employment practices complaint of infra took place within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Further, Defendant regularly transact substantial business within this District.

## PARTIES

1. Plaintiff Michelle Kraxberger is a current resident of Missouri. She worked for Defendant SMB Team LLC remotely at all relevant times during her employment from May 8, 2023 to February 13, 2024.

2. Defendant SMB Team LLC is a Delaware limited liability company, and operates throughout the United States, including in this judicial district. SMB has its headquarters at 111 Presidential Blvd, Suite #244 Bala Cynwyd, PA 19004.

3. At all times relevant to this action, SMB Team LLC was an employer as defined by the FLSA.

4. At all times relevant to this action, SMB Team LLC employed the Plaintiff.

5. At all times relevant to this action, SMB Team LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

6. SMB Team LLC has had, and continues to have an annual gross income of sales made, or business done, of not less than $500,000. 29 U.S.C. §203(s)(1).

## FACTS

7. Plaintiff was employed by Defendant as a Coaching Program Advisor from May 8, 2023 to February 13, 2024.

8. Plaintiff was a salaried employee while employed with Defendant. Plaintiff attended training by Defendant for her role.

9. Plaintiff does not meet any of the requirements to be exempt from overtime. She does not meet the duties test under the FLSA.

10. Defendant controls the terms and conditions of Plaintiff's employment, including the terms and conditions of employment for Plaintiff.

11. Upon information and belief, Defendant required Plaintiff to work more than forty hours each work week and therefore, Plaintiff did routinely work more than 40 hours each work week.

12. Defendant improperly classified Plaintiff as "exempt" from the FLSA, refusing to pay her overtime for the hours that she worked over forty (40) in a workweek.

13. Defendant, by assigning work in this manner, is trying to circumvent the requirements of the FSLA, and Pennsylvania state law, by classifying Plaintiff as exempt, in order to deny her overtime compensation.

14. Plaintiff was not paid time and one half for her hours over forty (40) in a workweek.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

15. All previous paragraphs are incorporated as though fully set forth herein.

16. At all times relevant to this Complaint, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

17. At all times relevant times to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

18. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

19. Plaintiff is not exempt from the applicable provisions of the FLSA.

20. At all times relevant to this Complaint, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

21. The FLSA requires an employer to pay all employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.  29 U.S.C. § 207.

22. Plaintiff regularly worked over 40 hours per week while employed by Defendant.

23. Defendant violated the FLSA by knowingly failing to pay Plaintiff for all overtime hours worked by Plaintiff, at the rate of one and one-half times her regular hourly rate, for all hours worked in excess of 40 hours per workweek.

24. Defendant's violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per week.

25. Defendant is liable to Plaintiff, under 29 U.S.C. § 216(b) of the FLSA, for her unpaid, and illegally withheld, overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE PENNSYVANIA WAGE AND HOUR ACT

60. All previous paragraphs are incorporated as though fully set forth therein.

61. The Pennsylvania Wage Act requires that covered employees be compensated at a rate not less than the standard rate.

62. The Pennsylvania Wage Act requires every employer to pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week. 34 Pa. Code § 231.41.

63. As described above, Plaintiff was subject to Defendant's practice of not paying employees for all hours worked, including overtime.

64. Plaintiff was not properly compensated for hours worked at a rate equal to or above Pennsylvania Wage Act.

65. Additionally, Plaintiff was not properly compensated for hours worked in excess of forty (40) hours per workweek.

66. Plaintiff was a non-exempt employee.

67. Defendant violated the Pennsylvania Wage Act to the detriment of Plaintiff.

## COUNT V
## UNJUST ENRICHMENT

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Defendant has received and benefitted from the uncompensated labors of Plaintiff, such that to retain such benefit without compensation would be inequitable and unjustly enrich the Defendant.

70. At all times relevant hereto, Defendant, devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff without paying total compensation and overtime for hours worked.

71. Contrary to good faith and fair dealing, Defendant induced Plaintiff to perform work while failing to pay overtime and/or minimum wage compensation for all hours worked as required by law.

72. By reason of having secured the work and efforts of Plaintiff without paying overtime and full compensation as required by law, Defendant enjoyed reduced labor costs and consequentially additional earnings and profit to its own benefit.

73. Therefore, Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, requests an order for relief as follows:

A. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and reasonable attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Respectfully Submitted,

*Counsel for Plaintiff*

<u>/s/Kenneth J. Hardin</u>
Kenneth J. Hardin II, Esq.
HARDIN THOMPSON, P.C.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, PA 15219
(412) 315-7195