IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE KRAXBERGER,**  *Plaintiff,*  v.  **SMB TEAM, LLC,**  *Defendant.* | Civil No. 24-5900 |

**MEMORANDUM**

**Costello, J.**                                                                                                       **November 12, 2025**

Plaintiff Michelle Kraxberger formerly worked for Defendant SMB Team, LLC as a business coach and strategist primarily serving legal professionals and law firms. ECF No. 33 at 2 ¶ 1. Plaintiff brought this action to recover allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). *Id.* at 1. Plaintiff moves to strike video evidence submitted by Defendant in support of its motion for summary judgment. *See* ECF No. 37. For the reasons that follow, the Court will deny Plaintiff's motion.

I.  **BACKGROUND & PROCEDURAL HISTORY**

The core issue in this action is whether Plaintiff, a salaried employee, is entitled to overtime compensation under the FLSA, or whether she falls under the statute's Administrative Exemption. The Administrative Exemption applies to employees who are "(1) Compensated on a salary or fee basis at a rate of not less than [$455 per week] . . . (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of

significance." 29 C.F.R. § 541.200(a) (2016). Both Plaintiff and Defendant moved for summary judgment on this issue. *See* ECF No. 33 (Plaintiff's motion for summary judgment); ECF No. 36-1 (Defendant's motion for summary judgment).

Defendant contends that Plaintiff's primary duty was executing the company's core business operations and characterizes her work as involving independent judgment and discretion, including by giving Defendant's clients individualized business advice and strategic planning services. *See* ECF No. 34 at 14-17. Plaintiff disagrees with this characterization. She argues that the undisputed evidence shows that her role as a business coach involved "routine, heavily controlled" tasks and that she "lacked any exercise of discretion or independent judgment." ECF No. 33 at 1.

Defendant filed video exhibits in support of its motion for summary judgment that show Plaintiff interacting with Defendant's customers during business consulting sessions she conducted. *See* ECF Nos. 36-7 (production cover letter), 36-10 (videos). Defendant edited the videos to obscure the identities and oral responses of the clients to preserve their privacy. *See* ECF No. 40 at 4.

Plaintiff moved to strike these videos under Federal Rules of Civil Procedure 26 and 37, arguing that (1) they are untimely because they were disclosed just one week before the Court's discovery deadline, even though they were responsive to Plaintiff's previous discovery requests; and (2) they are prejudicial because the videos are "heavily edited and taken out of context." ECF No. 37 at 1. Plaintiff further argues that producing the edited videos so close to the end of discovery "deprived Plaintiff of any realistic opportunity to investigate, depose witnesses, or test the authenticity of the evidence" and constitutes a "trial by ambush." ECF No. 41 at 1.

Defendant responds that the videos are not untimely because it disclosed them during the discovery period as supplemental discovery it identified after Plaintiff's deposition. *See* ECF No. 40 at 4-5. Plaintiff testified at her deposition that she read a script provided by Defendant during client coaching sessions. *Id.* at 4. This prompted Defendant to search its records for recordings to rebut this testimony. *See* ECF No. 40 at 4-5. Defendant disclosed the videos shortly after identifying them, which was three weeks after Plaintiff's deposition and a full week before the close of discovery. *Id.* Defendant also argues that the videos are not prejudicial because they are edited only to remove the clients' remarks—and only *Plaintiff's* remarks are relevant to ascertaining whether her duties were more administrative or discretionary for purposes of the FLSA. *Id.* at 4.

## II.     LEGAL STANDARD

Rule 37(c) provides that when a party "fails to disclose information . . . required by Rule 26(a) or (e)" that party "is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Third Circuit considers four factors in evaluating whether the exclusion of evidence is warranted under Rule 37: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Courts will also sometimes consider "the importance of the evidence to the proffering party." *Hill v. TD Bank, NA*, 586 Fed. App'x 874, 879 (3d Cir. 2014).

The "exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Konstantopoulos v. Westavco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (internal quotation marks and citations omitted); *accord REACT Env't Pro. Servs. Grp., Inc. v. Buzan*, 20cv00533, 2021 WL 3604079, at *7 (E.D. Pa. Aug. 13, 2021).

### III.   DISCUSSION

#### a.   Underlying Rule 26 Violation

Rule 37(c) exclusively permits sanctions for violations of Rules 26(a) and 26(e). The former requires parties to make certain initial disclosures at the start of discovery. *See* Fed. R. Civ. P. 26(a). The latter creates a duty to "supplement or correct" any discovery disclosure or response to include information thereafter acquired if "the party learns that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" Fed R. Civ. P. 26(e). There must be an underlying violation of one of these rules for the Court to exclude evidence under Rule 37.

There is no such violation here. Plaintiff does not argue that Defendant failed to make any required initial disclosures under Rule 26(a). *See generally* ECF No. 37. And Plaintiff concedes that Defendant supplemented its discovery responses with the videos prior to the close of discovery, *see* ECF No. 41 at 1, so there is no plain violation of Rule 26(e).

Rather, Plaintiff seems to be making a two-fold equitable argument: (1) that the video evidence was directly responsive to Plaintiff's initial discovery requests and should have been disclosed sooner in response to those requests; and (2) Defendant purposefully waited until the end of discovery to disclose the videos as supplementation to ambush Plaintiff and deprive her of

4

the chance to take further discovery on the videos. *See* ECF No. 37 at 2 (arguing that the video evidence was responsive to Plaintiff's fifth document request); ECF No. 41 at 1 (arguing that "[p]roducing previously concealed, edited video recordings a mere seven (7) days before the close of discovery deprived Plaintiff of any realistic opportunity to investigate, depose witnesses, or test the authenticity of the evidence"); ECF No. 41 at 3 (equating Defendant's conduct to "trial by ambush").

This argument is unavailing. Defendant ultimately produced the videos as supplemental evidence prior to the close of the discovery deadline and gave a facially plausible reason for not producing them sooner—that Plaintiff's deposition "caused Defendant to investigate Plaintiff's assertions further and discover these videos which refute her claim." ECF No. 40 at 5. Absent a clear underlying Rule 26(a) or (e) violation, the Court will not impose the "extreme sanction" of excluding relevant evidence. *See Konstantopoulos*, 112 F.3d at 719.

    b. Rule 37(c) Factors

Even if there was an underlying Rule 26 violation, the factors courts consider in deciding motions under Rule 37(c) militate against exclusion of the video evidence. *See Hill*, 586 Fed. App'x at 879 (setting forth factors).

***Surprise/Prejudice.*** The production of the videos of Plaintiff's coaching sessions should not come as a surprise to Plaintiff. She knows the nature of what she said in her sessions because she was present. She also knew the sessions were being recorded and should have expected them to be produced in discovery. *See Elena Myers Ct. v. LLB Gym, LLC*, 16cv4848, 2018 WL 924987, at *4 (E.D. Pa. Feb. 16, 2018) (finding no surprise where party "should have thought to interview someone" about a known issue in the litigation); *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 315, 326 (E.D. Pa. 2007) (party can hardly claim surprise or prejudice from

5

inclusion of research other party knew was conducted and party did not seek to depose researchers prior to motions *in limine*).

The videos are also highly probative of a core legal issue in this action—whether Plaintiff exercised independent discretion in advising clients during coaching sessions. She presumably has been seeking discovery and crafting her arguments related to this issue since the outset of the litigation. *See Pac-W. Distrib. NV LLC v. AFAB Indus. Servs., Inc.*, 19cv3584, 2023 WL 3952347, at *4 (E.D. Pa. June 12, 2023) (finding prejudice and surprise where one party failed to disclose multiple witnesses prior to close of discovery and other party "would have prepared differently had those new witnesses been disclosed from the start"). Under these circumstances, it would strain credulity to conclude that Plaintiff was "surprised" by the videos.

Moreover, "a finding of prejudice is more likely the closer to trial the submission of the late evidence takes place[.]" *800-209, LLC v. Cincinnati Indem. Co.*, 24cv1101, 2025 WL 2923762, at *1 n. 1 (E.D. Pa. June 3, 2025) (internal quotations omitted). Defendant produced the evidence before the close of discovery, and no trial date has been set. Courts have found lack of prejudice under more severe circumstances. *See, e.g., id.* (no prejudice where plaintiff served expert report 29 days after the discovery cutoff); *Bauder v. Phila., Bethlehem & New England R.R. Co.*, 96cv7188, 1998 WL 633651, at *4 (E.D. Pa. Aug. 28, 1998), *aff'd sub nom. Bauder v. Phila., Bethlehem & New England R.R. Co.*, 189 F.3d 463 (3d Cir. 1999) (exclusion improper when late expert report was submitted two months before trial, because this "was a sufficient amount of time for Plaintiff to have either prepared an effective cross-examination of [the expert] or to have requested the court for more time").[1]

---

[1] Plaintiff also argues that the videos should be excluded because, in their edited form, they are missing important context and prejudice Plaintiff as presented. *See* ECF No. 37 at 2. This argument is unpersuasive for three reasons. First, Defendant insists that the videos have only

***Ability to Cure Prejudice.*** If Plaintiff believed there was prejudice from the timing of Defendant's submission of the video evidence, she had opportunities to cure it prior to summary judgment. For instance, she could have moved for an extension of the discovery deadlines or moved to strike the evidence sooner. *See Everett v. Fine Grinding Corp.*, 09cv5638, 2010 WL 11556828, at *5-6 (E.D. Pa. Dec. 15, 2010) (second factor weighs against exclusion where plaintiff had several months to file Rule 56(f) motion to reopen discovery but failed to do so). Additionally, Plaintiff had an opportunity to respond to and probe the validity of the video evidence on reply in the summary judgment briefing. This, too, cures Plaintiff's concerns about being able to point out insufficiencies with the recordings. *See* ECF No. 37 at 2; *see also Stahlnecker v. Sears*, 08cv0681, 2009 WL 661927, at *2 (E.D. Pa. Mar. 11, 2009) (if any prejudice existed from inclusion of untimely evidence, that prejudice was cured by party's ability to file a response to opposing party's summary judgment motion after receiving the evidence).

***Disruption of Trial.*** There is no trial date set for this action, so inclusion of the video evidence would not disrupt the orderly and efficient conduct of trial. *See Pichler v. UNITE*

---

been edited to remove Defendant's clients' remarks during confidential business advising sessions. *See* ECF No. 40 at 4. Defendant flagged this for Plaintiff upon disclosure and offered to discuss the evidence with Plaintiff. *See* ECF No. 36-7 at 3-4 (production letter accompanying videos). There is no reason to believe Defendant is misrepresenting the extent of its editing to the Court. It is also telling that Plaintiff did not object to the form in which these videos were produced until months later when Defendant relied upon them in its summary judgment motion. *See* ECF No. 40 at 4. Second, as Defendant argues, only *Plaintiff*'s remarks are relevant—not Defendant's clients. The central issue here is how to characterize Plaintiff's job responsibilities. According to Defendant, the videos show that Plaintiff "exercised independent discretion and professional judgment when providing consulting services on behalf of [Defendant]." ECF No. 36-7 at 3. It is not clear to the Court how the clients' remarks would add relevant context to that inquiry. Third, there are ways that Plaintiff can rebut this evidence short of seeking additional discovery. She was permitted to respond to the evidence in her opposition to Defendant's motion for summary judgment. *See* ECF No. 39 at 2 (arguing that Defendant relied on "cherry-picked (and obviously edited) video clips" to support its motion). If the case survives summary judgment, Plaintiff can also file motions *in limine* and probe the context of the videos during cross-examination at trial.

*(Union of Needletrades, Indus. & Textile Emps. AFL-CIO)*, 04cv2841, 2006 WL 8446940, at *2-3 (E.D. Pa. May 30, 2006) ("The third factor does not apply because this case is not scheduled for trial."); *see also Pac-W. Distrib., Inc.*, 2023 WL 3952347, at *4 (Rules 26 and 37 are meant to prevent new information from emerging "on the eve of trial" that party cannot prepare for).

    ***Bad Faith.*** While the parties disagree about whether Defendant should have produced the videos sooner than it did, there is no evidence of blatant bad faith on Defendant's part—for instance, willful noncompliance with the Court's scheduling order. *See SuperMedia LLC v. Morley*, 12cv2329, 2014 WL 5023386, at *12 (E.D. Pa. Oct. 8, 2014) (finding bad faith where party displayed "willful noncompliance" with court's discovery deadlines and Federal Rules). Thus, this factor also weighs against excluding the video evidence.

    ***Importance of Evidence to Proffering Party.*** Finally, and crucially, the video evidence is central to Defendant's defense and highly probative of the dispositive legal issue in this action: whether Plaintiff was properly classified as exempt from the FLSA's overtime provisions. The videos are directly probative of whether Plaintiff's job duties involved discretionary tasks or rigid administrative duties. *See Miles v. Elliot*, 94cv4669, 2011 WL 857320, at *7 (E.D. Pa. Mar. 10, 2011) (fifth factor weighs against exclusion where "the evidence in question is central to defendants' defense"). Accordingly, the Court should not impose the "extreme sanction" of excluding this critical evidence. *See Konstantopoulos*, 112 F.3d at 719.

## IV.    CONCLUSION

Because there is no underlying Rule 26 violation, and because the Rule 37 factors weigh against exclusion here, the Court will deny Plaintiff's motion.  An appropriate Order will follow.


**BY THE COURT:**

_____
MARY KAY COSTELLO, J.