IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE KRAXBERGER,**     *Plaintiff,*     v.  **SMB TEAM, LLC,**     *Defendant.* | Civil No. 24-5900 |

**MEMORANDUM**

**Costello, J.**                                                                           January 5, 2026

**I.**      **BACKGROUND**

Plaintiff Michelle Kraxberger formerly worked for Defendant SMB Team, LLC as a business coach and strategist primarily serving legal professionals and law firms.  ECF No. 52 at 2 ¶ 1.  Plaintiff brought this action to recover overtime wages she alleges Defendant owes her under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  *Id.* at 1.

Defendant's position is that the overtime provisions of the FLSA do not apply to Plaintiff, who falls under the Administrative Exemption to the statute's overtime compensation requirements.  *See* ECF No. 36-1 at 1-2.  The FLSA's Administrative Exemption applies to employees who are "(1) Compensated on a salary or fee basis at a rate of not less than [$455 per week] . . . (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a) (2016).

Both Plaintiff and Defendant moved for summary judgment on this issue. *See* ECF No. 33 (Plaintiff's motion for summary judgment); ECF No. 36-1 (Defendant's motion for summary judgment). For the reasons that follow, the Court will deny both motions.

## II.     LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine." *Bennett v. SEPTA*, 23cv1271, 2024 WL 404959, at *6 (E.D. Pa. Feb. 2, 2024), *aff'd sub nom.*, *Bennett v. Se. Pa. Transp. Auth.*, 24cv1376, 2025 WL 1248815 (3d Cir. Apr. 30, 2025). A fact is material if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if, "based on the evidence, 'a reasonable jury could return a verdict for the nonmoving party.'" *Bennett*, 2024 WL 404959, at *6 (quoting *Anderson*, 477 U.S. at 248).

"In reviewing the record, a court 'must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Holloway v. Anderson*, 17cv00225, 2018 WL 3549282, at *2 (E.D. Pa. July 23, 2018) (quoting *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009)). The Court does not weigh evidence or make credibility determinations at the summary judgment stage. Rather, it simply determines "whether there is a genuine issue for trial." *Bennett*, 2024 WL 404959, at *6 (citing *Anderson*, 477 U.S. at 249).

## III.    DISCUSSION

### a.      Defendant's Video Evidence & the Application of *Scott v. Harris*

Relying on *Scott v. Harris*, 550 U.S. 372 (2007), Defendant argues that Plaintiff's testimony is contradicted by video evidence submitted by Defendant and should be discredited entirely in deciding both parties' motions. *See* ECF No. 36-1 at 11-15. In *Scott*, the Supreme Court held that where the nonmoving party's testimony is "blatantly contradicted" by video evidence in the record, then "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." 550 U.S. at 380.

The Third Circuit has described *Scott* as a "limited exception" to the general rule that a court must view facts in the light most favorable to the nonmoving party. *Patterson v. City of Wildwood*, 354 Fed. App'x 695, 697 (3d Cir. 2009). Accordingly, courts may only discredit a party's testimony on summary judgment where there is a "key event on which the claim was based" and there is undisputed, unaltered video evidence of that event that conclusively disproves the party's testimony. *See id.* at 697-98 & n. 2; *accord Gillespie v. Pa. State Police*, 574 F. Supp. 3d 272, 288 (E.D. Pa. 2021); *Hawthorne v. Mun. of Norristown*, 15cv01572, 2016 WL 454401, at *4 (E.D. Pa. Feb. 5, 2016).

Those circumstances are not present here. First, there is not one "key event" on which Plaintiff bases her claims. *See Patterson*, 354 F. App'x at 698. Plaintiff's claims are based on her ongoing work as a business coach and strategist for Defendant. *See* ECF No. 52 at 2 ¶ 1. The video evidence Defendant submitted captures eleven different coaching sessions with eleven different clients—and that is only a fraction of the sessions Plaintiff conducted while employed by Defendant. *See* ECF No 36-10 (video clips); ECF No. 36-1 at 3 ¶¶ 9-10 (noting Plaintiff was responsible for providing business coaching to 70-75 clients). A key issue here is whether Plaintiff was exercising independent discretion throughout her employment with Defendant. This is a highly contextual factual issue that requires interpretation of Plaintiff's larger body of

3

work over time and cannot be "conclusively" proven or disproven by videos of a couple of selected coaching sessions. *See Hawthorne*, 2016 WL 454401, at *5; *see also Mills v. City of Harrisburg*, 589 F. Supp. 2d 544, 552 & n. 5 (M.D. Pa. 2008) (declining to apply *Scott* because the relevant recording was "susceptible to multiple reasonable interpretations").

Second, the video footage is altered. The videos are edited to blur out Defendant's clients' faces and remove responses containing clients' confidential information. *See* ECF No. 40 at 4. This Court previously held that these limited alterations did not warrant striking the video evidence from the record because only Plaintiff's remarks are relevant to the central legal issue in this action. *See* ECF No. 46 at n. 1. Nevertheless, the fact that the videos are altered—and their context disputed by Plaintiff (*see* ECF No. 53 at 2)—cuts against using this evidence to apply the very "limited" exception to the typical summary judgment standard set forth in *Scott*. *See Patterson*, 354 F. App'x at 697. Under these circumstances, the Court cannot apply *Scott* and disregard Plaintiff's testimony. Plaintiff's testimony, "together with all other testimony," including the videos, "should be heard by a jury, and its credibility judged accordingly." *See id.* at 698.

      **b.**    **Factual Disputes Regarding the Elements of the Administrative Exemption**

Considering Plaintiff's testimony, there are genuine disputes of material fact regarding the two disputed elements of the FLSA's Administrative Exemption. First, whether Plaintiff's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a). Defendant has presented evidence that could support a finding that Plaintiff's primary duty involved the execution of the company's core business operations. Defendant's representative certified that Plaintiff maintained several duties that involved the

running or servicing of the core business, including engaging in problem solving with Defendant's clients, maintaining and enforcing program standards, and implementing program initiatives for clients. ECF No. 36-4 ¶ 5. Defendant's representative also testified that Plaintiff's duties involved "offering insights and best practices to improve organizational performance" for Defendant's clients. ECF No. 36-5 at 20:11-21:2. Defendant's "core business" is the business coaching sessions it offers its clients. ECF No. 36-1 at 9; *id.* at 3 ¶ 8 ("Defendant's business coach functionality represents one third of its business and is a significant part of Defendant's operations"). Executing these sessions comprised almost all of Plaintiff's time. *See id.* at 3 ¶¶ 9-10 (noting Plaintiff was responsible for providing business coaching to 70-75 clients). Thus, a reasonable jury could find that Plaintiff's "primary duty" involved executing work "directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a).

      Plaintiff has presented evidence that could support a contrary finding. She testified that her work involved implementing Defendant's pre-set frameworks and that she lacked authority to deviate from those frameworks. *See* ECF No. 54-3 at 37:9-38:21, 47:3-11. Plaintiff further testified that she did not "create or design new content, performance indicators, or strategies for clients," characterizing her role as "reactive, not proactive." ECF No. 53 at 8-9 ¶¶ 12-13 (citing ECF No. 54-3 at 47:3-11)). These facts could support Plaintiff's position that her job duties more closely resembled "selling a product in a retail or service establishment," 29 C.F.R. § 541.201(a), and were not the type of strategic duties central to an employer's business operations contemplated by the Administrative Exemption. *See* ECF No. 53 at 12-13 (arguing that Plaintiff's job duties were "production-oriented, not administrative"); *see also* ECF No. 33-1 at 23:5-10, 27:7-10 (Defendant's representative testifying that Plaintiff did not "make decisions that

affected [Defendant's] business operations" and that she was not "involved in policy or business operations").

Second, there is a genuine dispute of material fact regarding whether Plaintiff exercised independent judgment and discretion as an employee of Defendant. *See* 29 C.F.R. § 541.200(a) (third prong of the Administrative Exemption requires that the employee's primary duty include "the exercise of discretion and independent judgment with respect to matters of significance"). Defendant has proffered evidence supporting its position that Plaintiff exercised independent judgment and discretion in her coaching sessions. Defendant's representative testified that Plaintiff was expected to work freely and independently with clients, including making "decisions on their growth." ECF No. 33-1 at 22:10-16. Defendant also submitted video clips that suggest that Plaintiff had discretion to manage her coaching sessions as she saw fit. For instance, in Client Call 4, Plaintiff tells a client that "we'll tailor [the framework] to what works for you." *See* ECF No. 36-10, Client Call 4 (0:52 mark); *see also id.*, Client Call 2 (0:50 mark, telling a client that a "cookie cutter [approach] is not [me]"). The videos also show Plaintiff helping clients weigh different possible courses of conduct and prioritize various goals. *See id.*, Client Call 4 (at 2:30 mark, Plaintiff asks client to identify "pain points" and helps the client prioritize which to address first).

Plaintiff has also offered evidence supporting her position that she did not exercise independent judgment and discretion. She testified that she was reading off of pre-set material and that she was "not being paid for [her] brain," but to "do what I was told" based on "solutions that [Defendant] had already predetermined." ECF No. 33-2 at 52:2-7. She further testified that she "didn't solve any . . . problems independently," and "had to follow the [Defendant's] framework." *Id.* at 51:18-22.

## IV. CONCLUSION

There are genuine disputes of material fact regarding each disputed element of whether Plaintiff is subject to the FLSA's Administrative Exemption. These factual disputes preclude a grant of summary judgment in favor of either party. The Court will accordingly deny both parties' motions. An appropriate Order will follow.

BY THE COURT:

_____
MARY KAY COSTELLO
United States District Judge